Gershengorn, J.
INTRODUCTION
This action arises from a collision between a motorcycle operated by plaintiff, Paul E. Kapp, Sr. (“Kapp”) and a 1988 Dodge van operated by John J. Serris (“Serris”) on November 11, 1993, at approximately 7:00 a.m. The accident occurred on Somerville Avenue in Somerville, Massachusetts. Mr. Serris had a motor vehicle insurance contract with defendant, Arbella Mutual Insurance Company (“Arbella”). Plaintiff sought recovery from Arbella for bodily injuries sustained in the collision. Arbella agreed to pay plaintiff in full if plaintiff agreed to release all further claims against Serris. Plaintiffs attorney refused this offer and filed this suit against Arbella, alleging unfair and deceptive claim settlement practices in violation of M.G.L.c. 176D and c. 93A. Plaintiff claims Arbella violated the rule announced in Thaler v. American Insurance Co., 34 Mass.App.Ct. 639 (1993), when it required plaintiff to release all claims against Serris as a condition of settlement. Plaintiff requests findings and instructions in this matter.
FINDINGS OF FACT
After a hearing on August 22, 1996, without a jury, and based upon all the credible evidence, this Court makes the following findings of fact and rulings of law with inferences from the facts and any inferences drawn therefrom.
On November 11, 1993 at approximately 7:00 a.m., plaintiff Paul Kapp was travelling eastbound in the right hand traffic lane on Somerville Avenue. There are two separate lanes of eastbound traffic on Somerville Avenue, a right lane and a left lane. At the point where Somerville Avenue intersects Prospect Street, there are traffic control lights which include a solid green light for motor vehicles which are travelling in the right hand lane directly through the intersection, and another separately timed traffic control signal which allows eastbound traffic in the left hand lane to turn left onto Prospect Street when the green left arrow is lighted.
Defendant’s insured, Paul Serris, proceeded westbound past the intersection of Somerville Avenue and Washington Street, and past a raised traffic island where a KEEP RIGHT traffic control sign is posted. Serris then attempted to make a left-hand turn across the two lanes of eastbound traffic in order to enter a Dunkin Donuts franchise on the opposite side of Somerville Avenue. As Serris crossed the two lanes of *146 eastbound traffic, his vehicle collided with Kapp’s motorcycle travelling eastbound in the right hand traffic lane. Serris admitted he never saw Kapp’s vehicle travelling eastbound on Somerville Avenue. Kapp was seriously injured in the accident.
Five days after the accident defendant’s claims agent, Ms. Barbara Lee (“Lee”), interviewed Kapp and observed he had injuries. His left arm was in a cast and had screws in it. He had four screws in his forearm extending out of the cast. There was what appeared to be dried blood around his thumb and an IV attached to him.
Arbella adopted the claims agent’s opinion that liability was reasonably clear: “[w]e (are) in a difficult position relative to liability on this matter ... The facts still stand that the proximate cause of this loss was the insured’s failure to use care in turning. Obviously this is an extremely harmful situation for the insured relative to liability.” (Memorandum of Claims Supervisor, 5/16/94 and testimony of 30(b)(6) designated witness at p. 80.)
The plaintiff served defendant a Consumer Protection Act demand letter on September 15, 1994 for payment of the full $100,000.00 policy limit. Along with the demand letter were charges from Brigham and Women’s Hospital for the emergency room amounting to $7,748.00; Cambridge Hospital records of $1,042.72; and hospital records and medical reports showing a 28% whole body disability as a result of the accident.
The demand letter cited the 93A case of Thaler v. American Mutual Insurance Co., 34 Mass.App.Ct. 639 (1993), which held that the insistence on a release by an insurer as a condition of payment of the policy limits where liability of its insured is undisputed and damages clearly exceed the policy limits is an unfair settlement practice in violation of G.L.c. 176D, §3(9) (f), subject to the penalties of G.L.c. 93A. The letter set forth a Demand for Settlement by payment of this policy limit within thirty days, as provided by M.G.L.c. 93A, §9. The standard under Thaler is that liability be “reasonably clear.”
Arbella’s claims agent did not recommend that plaintiff be required to release all other claims as a condition to Arbella’s offer of the policy limit. Arbella now claims that Serris’ liability was not reasonably clear because further investigation indicated that Kapp may have been blinded by the sun and there were no yellow lane marking lines painted on the roadway at the time of the accident.
Both of the above facts were known by Serris as early as November 1993 and were considered by Arbella on each of the many occasions when Arbella concluded that Serris’ negligence was the proximate cause of the accident. So, at all times since November 1993, Arbella has known or had reason to know that Serris’ liability for the injuries to Kapp was reasonably clear. Arbella has known or had reason to know that at all times since October 1, 1994 the damages suffered by Kapp substantially exceeded the policy limit amount.
I find that Arbella’s supervisors decided to require that Kapp provide a release of the Insured as a condition of Arbella’s settlement by payment of the policy proceeds even though Arbella had, after full investigation, concluded that (a) Serris’ liability was reasonably clear and (b) Kapp’s damages were substantially in excess of the policy limit. I find that this decision was knowing and willful. I find that there was never any reference to comparative negligence until this cause of action was initiated.
I find that Arbella had no written rules, instruction, manuals, protocols, procedures, steps or standards to be followed by Arbella’s claims agents in investigating, evaluating, or settling claims, or deciding whether Arbella would require a release from an injured party as a condition of payment of the full policy proceeds.
I find that during the thirty-day period which Arbella had to respond to Kapp’s September 15, 1994 settlement demand letter, Arbella notified Serris in writing, on or about October 4, 1994, that Serris would be liable for all damages in excess of the policy limit.
I find that Arbella’s claims agent, Ms. Lee, made a typographical error in a report from her investigation of the accident when she wrote that the sun was in “insured’s” eyes. This Court finds that Lee intended to write that the sun was in “claimant’s” (Kapp’s) eyes.
Rulings of Law
In this case, Serris had a duty not to attempt a left hand turn across two lanes of traffic, and to yield the right of way to Kapp’s vehicle, or any other “.. . vehicle approaching from the opposite direction which is . . . so close ... as to constitute an immediate hazard.” M.G.L.c. 90, §14, M.G.L.c. 89, §8.
Where, as in the present case, an Insurer has determined that the insured’s liability is reasonably clear, and that the claimant’s damages substantially exceed the policy limits, “the insistence upon a release by an insurer as a condition of payment of the policy limits where liability of its insured is undisputed and damages clearly exceed the policy limits amounts to an unfair settlement practice in violation of G.L.c. 176D, §3(9)(Q.” Thaler, 39 Mass.App.Ct. at 643.
As a matter of law, under the policy issued by the insurer to its insured, the insured no longer has, “any reasonable expectation under the language of his or her policy to expect that the insurer would be required to obtain a release before paying out the maximum policy limits.” Thaler, 39 Mass.App.Ct. at 641, n.3.
In the instant case, there was no contributory negligence and the money should have been turned over. Defendant had no right to ask for a release under Thaler.
Based on the preceding findings of fact and rulings of law, defendant Arbella’s insistence after October 10, *147 1994 that plaintiff release his claims against the insured as a condition of payment of the maximum policy limits, even though Arbella knew or had reason to know that the liability of the insured was reasonably clear and that plaintiffs damages substantially exceeded the policy limits, was an unfair and deceptive insurance settlement practice in violation of G.L.c. 176D, §(3)(9)(f) and G.L.c. 93A, §9. Thaler, 34 Mass.App.Ct. at 643.
ORDER
For the preceding reasons, it is therefore ORDERED that plaintiff is ENTITLED TO RECOVER his costs and attorneys fees. The amount of said costs shall be determined by the Court upon an Affidavit of Costs to be submitted by plaintiffs counsel within 10 days of this decision, to which defendant shall have 7 days to respond, prior to such award. The right of said reasonable attorney fees shall be determined by the Court upon an Attorneys Fees Affidavit to be submitted by plaintiffs counsel in the same manner.